UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

CHRISTOPHER ALLEN FRANKLIN,

        Petitioner,                  Case No.  1:13-cv-387

v.                                  Honorable Robert J. Jonker

JOHN PRELESNIK,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

      This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006).  After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.      Factual Allegations

Petitioner Christopher Allen Franklin presently is incarcerated at the Ionia Maximum Correctional Facility.  In December 1999, Petitioner pleaded guilty in the Berrien County Circuit Court to one count of first-degree criminal sexual conduct in exchange for the dismissal of two other counts charged in the same case and all counts charged in a separate case.  On February 14, 2000, Petitioner was sentenced to a prison term of 40 to 100 years, to be served consecutively to outstanding sentences on a series of convictions for which Petitioner apparently was on parole at the time of his 1999 conduct.

Petitioner sought leave to appeal his conviction and sentence to the Michigan Court of Appeals.  The court of appeals denied leave to appeal on March 8, 2000.  Petitioner sought leave to appeal to the Michigan Supreme Court, which denied leave on July 3, 2001.  Petitioner requested reconsideration, which was denied on September 25, 2001.

On January 14, 2002, Petitioner filed a motion for relief from judgment in the trial court.  The court denied relief from judgment on October 7, 2002.  Petitioner did not file an application seeking leave to appeal to either the Michigan Court of Appeals or the Michigan Supreme Court.

Petitioner filed a second motion for relief from judgment on April 10, 2009.  In an opinion issued September 10, 2009, the trial court denied the motion.  Petitioner sought leave to appeal to the Michigan Court of Appeals, which dismissed the appeal on November 18, 2012, because it did not fall within any of the exceptions to the general rule that a movant may not appeal the denial of a successive motion for relief from judgment under MICH. CT. R. 6.502(G).  Petitioner

filed an application seeking leave to appeal to the Michigan Supreme Court, which denied leave to appeal on July 25, 2011, because the motion was prohibited by MICH. CT. R. 6.502(G).

Petitioner filed a third motion for relief from judgment on September 2, 2011. The trial court denied the motion on October 28, 2011, because it did not fall within the exceptions to the bar against subsequent motions for relief from judgment under MICH. CT. R. 6.502(G). Petitioner then filed a motion for reconsideration and a motion to disqualify the trial judge, alleging that the trial judge lacked jurisdiction over Petitioner's circuit court proceedings because he had presided over the preliminary examination in district court. The court denied both motions on December 6, 2011, and denied reconsideration on February 16, 2012. Petitioner filed an application for leave to appeal the denial of his third motion for relief from judgment to both the Michigan Court of Appeals and the Michigan Supreme Court. The court of appeals dismissed the appeal under MICH. CT. R. 6.502(G) on June 19, 2012, and it denied reconsideration on August 17, 2012. The supreme court denied leave to appeal under MICH. CT. R. 6.502(G) on November 20, 2012, and it denied reconsideration on March 4, 2013.

Petitioner filed the instant habeas petition on or about April 8, 2013.[1]

II.    Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and

---

[1]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on April 8, 2013, and it was received by the Court on April 10, 2013. Thus, it must have been handed to prison officials for mailing at some time between April 8 and April 10, 2013. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).  Prior to enactment

of the AEDPA, there was no defined period of limitation for habeas actions.[2]  Section 2244(d)(1)

provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment

or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82

(2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531

U.S. 4, 8 (2000) (defining "properly filed").

> In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year

limitations period is measured.  Under that provision, the one-year limitations period runs from "the

date on which the judgment became final by the conclusion of direct review or the expiration of the

---

[2]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to Petitioner's application and the attached copies of the state-court proceedings, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied Petitioner's timely motion for reconsideration on September 25, 2001. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, December 24, 2001. Petitioner had one year from that date, or until December 24, 2002, in which to file his habeas application. Petitioner filed on April 8, 2013. Obviously, he filed more than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred.

A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 332. Petitioner filed his first motion for relief from judgment on January 14, 2002, thereby tolling the statute of limitations after 21 days of the one-year period had expired. The trial court denied the motion for relief from judgment on October 7, 2002. Petitioner did not file an application for leave to appeal to the Michigan Court of Appeals.

A motion for post-conviction relief is considered "pending" during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court on collateral review. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). Petitioner had one year, until October 7, 2003, in which to file a delayed application for leave to appeal to the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(F)(3). Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, he could not appeal to the Michigan Supreme Court. The statute of limitations therefore was tolled only until October 7, 2004, at which time the statute of limitations began to run again, with 344 days remaining in the limitations period.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's statute of limitations expired on September 15, 2004, his collateral motions filed in 2009 and 2011 did not serve to revive the limitations period.[3]

---

[3]In addition, because the second and third motions for relief from judgment were dismissed on procedural grounds as improper successive motions, they also could not have served to toll the statute of limitations because they were not properly filed. *See Williams v. Birkett*, 670 F.3d 729, 733 (6th Cir. 2012) (holding that second motion for relief from judgment that does not meet the limited exceptions of MICH. CT. R. 6.502(G)(1) is not properly filed and does not toll the statute of limitations).

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated:  June 4, 2013                                   /s/ Hugh W. Brenneman, Jr.
                                                                       HUGH W. BRENNEMAN, JR.
                                                                       United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).